CARMEN MEDINA ET AL., Plaintiffs and Appellees, *v.* HEIRS OF SANDALIO RIVERA LUNA, Defendants and Appellants.

No. 5314. Argued May 18, 1931.—Decided May 26, 1931.

*Felipe Colón Díaz* for appellants.   *R. Arjona Siaca* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On May 9, 1930, there was presented in this Court a motion for an extension of 15 days to file briefs in this case. The motion was granted.  On May 10, 1930, application was made  for the return of the record to the district court for completion.  By an order of May 19, 1930, this application was granted.  Since then nothing further has been done in this appeal.  Based thereon, this Court, on April 29, 1931, ordered the appellants to appear on the 19th of the following May and show cause why the appeal should not be dismissed for want of prosecution.

The appellants failed to appear on the 19th.   On the 16th, however, they filed a stipulation signed by counsel for both parties which in its pertinent part reads as follows:

"That there is involved in the appeal in the above-entitled cause an order entered by the District Court for the Judicial District of Ponce, P. R., allowing the plaintiffs-appellees one thousand dollars as attorney's fees in the proceeding for taxing costs.

"That in this respect both parties have made an amicable settlement and agreed that $600 is a fair and reasonable sum for the services of the attorneys for the plaintiffs-appellees.

"Wherefore, we pray this Hon. Court to enter an order modifying that of the district court for the judicial district of Ponce, P. R., adjudging the defendants-appellants, Heirs of Sandalio Rivera Luna, to pay jointly and severally to the plaintiffs-appellees, Carmen Medina et al., $600 as attorney's fees."

This means that this Court is requested to render on appeal a new judgment based solely on the stipulation of the parties, without even having the record before it.

An appeal is taken in order to be decided on its merits,

unless some technical or procedural question precludes it. The pleadings and the judgment, and the evidence in a proper case, should form the basis of the decision of the appellate court. The latter may reverse, affirm, or modify the order or judgment appealed from by placing itself in the same position as the trial court when it decided the case.

The stipulation fails to propose any legal determination of the appeal, nor does it show any just cause why the appeal taken should not be dismissed for want of prosecution. A dismissal on that ground is the only disposition of the case that lies.